UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| JAMES KENNINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:02-cv-0648-JDT-TAB |
| | ) | |
| | ) | |
| MARION COUNTY SHERIFF FRANK | ) | |
| ANDERSON, in his official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFF'S PETITION FOR ADDITIONAL FEES (DKT. NO. 125)[1]**

The Plaintiff seeks a fee award of $5,235 for twenty hours and twenty-four minutes expended by his attorneys on this matter following his earlier petition for attorneys' fees.  Virtually all of this time was spent on matters related to either the earlier fee petition or the current one.

The court has "wide discretion in determining the appropriate amount of attorneys' fees and costs[.]"  *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  In determining a reasonable fee, the court first determines the number of hours reasonably expended on the matter.  *Hensley*, 461 U.S. at 433.  Excessive, redundant or otherwise unnecessary expenses are to be excluded.  *Id.* at 434.  The court then determines a reasonable hourly rate and multiplies the number of hours reasonably expended by that rate.  *Id.* at

---

[1]  This Entry is a matter of public record and will be made available on the court's web site.  However, the discussion contained herein is not sufficiently novel to justify commercial publication.

433.  The fee applicant bears the burden of proving that the hours expended were reasonable and that the hourly rates are appropriate.  *Id.* at 437.

Regarding the number of hours reasonably expended in preparing the original fee petition, the response to the Defendant's objections to the Magistrate Judge's Report and Recommendation, and the petition for additional fees, the court finds that some of the time claimed is excessive, redundant or otherwise unnecessary.  Namely, both lead counsel Michael K. Sutherlin and co-counsel Nicholas D. Conway spent twelve minutes each reviewing opposing counsel's substitution and withdrawal.  This time is excessive and redundant because the Appearance and Motion for Leave to Withdraw each contained only a paragraph of text.  In the court's view, a reasonable expenditure of time for reviewing these filings is six minutes; two attorneys are not needed to accomplish this trivial task; and it is inappropriate to bill a client (or adversary) for time spent on this task by two attorneys.  Therefore, the court disallows the twelve minutes claimed by Mr. Sutherlin.

The one hour expended by Mr. Sutherlin reviewing Defendant's four page objection to the Report and Recommendation is excessive.  The objection was short on citation to legal authority—other than to very basic principles—and thus does not warrant an entire hour of review.  Therefore, the court disallows 0.5 hours of this time.

The entire expenditure of time by Mr. Conway in drafting the response to the Defendant's objection to the Report and Recommendation, approximately 8.5 hours, also is excessive.  This is so given the straightforward issues raised by the objection

2

and the other allocations of time to conferences regarding the objection, Mr. Sutherlin's review of resource materials on attorneys' fees, and the subsequent reviews and revisions by both attorneys.  The court therefore disallows 2.5 hours of the time claimed for work performed by Mr. Conway as represented in the first entry for him for March 24, 2005 and the March 25, 2005 entry.

That leaves seven hours (7 hours) claimed for work performed by Mr. Sutherlin and twelve hours and twelve minutes (12.2 hours) claimed for work performed by Mr. Conway.  A comparison of the hours spent on the merits and the hours spent on the fee petitions is a factor for the court's consideration in determining the reasonableness of the hours expended on the petitions.  *See*, *e.g.*, *Spegon*, 175 F.3d at 554.  Here, the expenditure of time on the fee petition and matters related to it is reasonable given the more than 468 hours of attorney time expended on the merits of the case.  The ratio of time spent on the fee petition to that spent on the merits is well within the ratios that have been approved in Seventh Circuit cases.  *See*, *e.g.*, *Spegon*, 175 F.3d at 554 (approving 1.6 to 3.5 ratio where fee was awarded for 3.5 hours spent on the merits); *Ustrak v. Fairman*, 851 F.2d 983, 987 (7th Cir. 1988) (approving fee award for time spent on fee petition at 8.3% of the fee awarded for time spent on the merits).

A reasonable hourly rate for Mr. Sutherlin and Mr. Conway is that recommended by Magistrate Judge Baker and adopted by the undersigned, that is, $275 and $150, respectively.  The Plaintiff may argue that counsels' current rates are now higher, as they did in the first round of fee petition briefing.  However, given the straightforward,

3

simple nature of the issues raised following the prior fee petition, the court does not find higher rates justified.

Therefore, the court approves the Plaintiff's Petition for Additional Fees as follows:

| | | | | |
|---|---|---|---|---|
| Michael K. Sutherlin | - | 7.0 hours X $275 | = | $1,925.00 |
| Nicholas D. Conway | - | 12.2 hours X $150 | = | $1,830.00 |
| TOTAL | | | = | $3,755.00 |

Accordingly, Plaintiff's Petition for Additional Attorney's Fees (Dkt. No. 125) is **GRANTED IN PART** and $3,755 in additional attorneys' fees is awarded.  An appropriate order will issue.

ALL OF WHICH IS ENTERED this 31st day of October 2005.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Michael K. Sutherlin
msutherlin@michaelsutherlin.com

Nicholas D. Conway
nconway@michaelsutherlin.com

Andrew J. Mallon
amallon@indygov.org

4